| STATE OF INDIANA | ) | IN THE WHITLEY CIRCUIT COURT |
| --- | --- | --- |
| | ) SS: | |
| COUNTY OF WHITLEY | ) | CAUSE NO. 92C01-2202-CT-000112 |

MARY HARRELL, Individually and as )
Personal Representative of the Estate of )
Richard Harrell, Deceased, )
                                       )
    Plaintiff, )
                                       )
v. )
                                       )
CHRISTOPHER FIGGS and )
J & R SCHUGEL TRUCKING INC., )
                                       )
    Defendants. )

## COMPLAINT FOR DAMAGES

Plaintiff Mary Harrell, Individually and as Personal Representative of the Estate of Richard Harrell, Deceased, by counsel, Glaser & Ebbs, alleges and seeks relief as follows:

    1.       Mary Harrell ("Plaintiff") is the duly appointed Personal Representative of the Estate of Richard Harrell, Deceased ("Deceased"), having been appointed as personal representative of the Deceased by Order of the Kosciusko Superior Court on July 27, 2021 (Cause No. 43D01-2107-EU-115) and personal representative of the Wrongful Death Estate of the Deceased by Order of the Kosciusko Circuit Court on October 15, 2021 (Cause No. 43C01-2110-EU-164).

    2.       Plaintiff is a resident of Kosciusko County, State of Indiana.

    3.       Prior to the time of his death on May 30, 2021, the Deceased was a resident of Kosciusko County, State of Indiana.

    4.       Prior to the time of his death on May 30, 2021, the Deceased was married to Plaintiff.

5. Upon information and belief, Christopher Figgs ("Defendant Figgs") is a resident of Cook County, State of Illinois.

6. J & R Schugel Trucking Inc. ("Defendant J & R Schugel Trucking") is a foreign corporation that does business in the State of Indiana.

7. On or about December 16, 2020, Plaintiff and the Deceased were traveling on U.S. 30 in Whitley County, State of Indiana.

8. Plaintiff and the Deceased parked their vehicle on the shoulder of U.S. 30 to assist another motorist. Plaintiff exited the vehicle and started walking towards the other motorist. The Deceased remained in their vehicle.

9. During this time, Defendant Figgs, while acting within the course and scope of his employment with Defendant J & R Schugel Trucking and/or as an agent for Defendant J & R Schugel Trucking, was operating a semi on U.S. 30 in Whitley County, State of Indiana.

10. During this time, Defendant Figgs was negligent in the operation of his vehicle, thereby causing a collision involving the Deceased's vehicle.

## COUNT I: SURVIVAL ACTION

Plaintiff, for Count I of her Complaint for Damages, alleges and seeks relief as follows:

11. Plaintiff realleges Paragraphs 1 through 10 of her Complaint for Damages and incorporates them fully herein.

12. As a direct and proximate result of the negligence of Defendant Figgs while acting within the course and scope of his employment with Defendant J & R Schugel Trucking and/or as an agent for Defendant J & R Schugel Trucking, the Deceased suffered personal injuries.

13. As a direct and proximate result of the negligence of Defendant J & R Schugel

Trucking, such negligence including but not being limited to:

a. failing to properly select, train, and/or supervise its drivers including, but not limited to, Defendant Figgs;

b. putting or allowing unqualified and/or reckless drivers including, but not limited to, Defendant Figgs, to remain on the road;

c. failing to screen and test its drivers including, but not limited to, Defendant Figgs, periodically to monitor and evaluate their safety orientation;

d. failing to develop, promulgate, adopt, and/or implement safety policies, procedures, and practices for its drivers including, but not limited to, Defendant Figgs;

e. permitting, allowing, and/or failing to stop its drivers, including, but not limited to, Defendant Figgs, from violating rules, regulations, and/or statutes regarding driver records and logs;

f. failing to provide periodic systematic safety and/or defensive driver training for its drivers including, but not limited to, Defendant Figgs;

g. failing to provide remedial training to its drivers including, but not limited to, Defendant Figgs;

h. negligently entrusting its vehicle to Defendant Figgs; and

i. any such other negligence or gross negligence and violations of rules, regulations, and statutes as may be shown at the trial of this matter;

the Deceased suffered personal injuries.

14. Count I is a Survival Action brought pursuant to Indiana Code 34-9-3-4.

15. At all times relevant herein, Defendants acted in heedless disregard of the

consequences to the Deceased and acted in a wanton and willful manner, justifying an award of punitive damages to punish and deter such wrongful conduct.

WHEREFORE, Plaintiff Mary Harrell prays for judgment against Defendants in an amount that will sufficiently and adequately provide compensation for the damages set forth above, for prejudgment interest, for punitive damages, and for all other just and proper relief in the premises.

### COUNT II: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Plaintiff, for Count II of her Complaint for Damages, alleges and seeks relief as follows:

16. Plaintiff realleges Paragraphs 1 through 15 of her Complaint for Damages and incorporates them fully herein.

17. As a direct and proximate result of the negligence of Defendant Figgs while acting within the course and scope of his employment with Defendant J & R Schugel Trucking and/or as an agent for Defendant J & R Schugel Trucking, Plaintiff has suffered emotional distress and loss of consortium.

18. As a direct and proximate result of the negligence of Defendant J & R Schugel Trucking, such negligence including but not being limited to:

   a. failing to properly select, train, and/or supervise its drivers including, but not limited to, Defendant Figgs;

   b. putting or allowing unqualified and/or reckless drivers including, but not limited to, Defendant Figgs, to remain on the road;

   c. failing to screen and test its drivers including, but not limited to, Defendant Figgs, periodically to monitor and evaluate their safety orientation;

   d. failing to develop, promulgate, adopt, and/or implement safety policies,

procedures, and practices for its drivers including, but not limited to, Defendant Figgs;

e. permitting, allowing, and/or failing to stop its drivers, including, but not limited to, Defendant Figgs, from violating rules, regulations, and/or statutes regarding driver records and logs;

f. failing to provide periodic systematic safety and/or defensive driver training for its drivers including, but not limited to, Defendant Figgs;

g. failing to provide remedial training to its drivers including, but not limited to, Defendant Figgs;

h. negligently entrusting its vehicle to Defendant Figgs; and

i. any such other negligence or gross negligence and violations of rules, regulations, and statutes as may be shown at the trial of this matter;

Plaintiff has suffered emotional distress and loss of consortium.

19. At all times relevant herein, Defendants acted in heedless disregard of the consequences to Plaintiff and acted in a wanton and willful manner, justifying an award of punitive damages to punish and deter such wrongful conduct.

WHEREFORE, Plaintiff Mary Harrell prays for judgment against Defendants in an amount that will sufficiently and adequately provide compensation for the damages set forth above, for prejudgment interest, for punitive damages, and for all other just and proper relief in the premises.

## COUNT III: WRONGFUL DEATH

Plaintiff, for Count III of her Complaint for Damages, pursuant to Trial Rule 8(E)(2) alternatively alleges and seeks relief as follows:

20. Plaintiff realleges Paragraphs 1 through 19 of her Complaint for Damages and incorporates them fully herein.

21. The personal injuries the Deceased sustained subsequently led to his death.

22. Defendants' negligence was a responsible cause of the Deceased's death.

23. At the time of his wrongful death, the Deceased was survived by his wife, Plaintiff Mary Harrell.

24. As a direct and proximate result of Defendants' negligence, expenses were incurred by the Estate of Richard Harrell for medical and hospital care as well as funeral and burial expenses.

25. As a direct and proximate result of Defendants' negligence, the Deceased's wife has been permanently deprived of her husband's love and affection.

WHEREFORE, Plaintiff prays for judgment against Defendants in an amount that will sufficiently and adequately provide compensation for the damages set forth above, all in accordance with the provisions of I.C. 34-23-1-1, for prejudgment interest, for attorney's fees, and for all other just and proper relief in the premises.

Respectfully submitted,

GLASER & EBBS

*/s/ Sarah E. Reser*
Sarah E. Reser, #27439-53
132 East Berry Street
Fort Wayne, IN 46802
P: (260) 424-0954
F: (260) 424-6529
COUNSEL FOR PLAINTIFF